IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTOPHER W. CAIN                                               PLAINTIFF

vs.                          Civil No. 2:19-cv-02075-PKH-MEF

ANDREW M. SAUL, Commissioner,                            DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Christopher W. Cain, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

### I.     Procedural Background

Plaintiff protectively filed his current applications for DIB and SSI on September 6, 2016. (ECF No. 10, p. 43). Plaintiff alleges disability since April 1, 2008, due to: post reconstructive surgery on shoulders; limited use of shoulders, arm, legs, and hands; severe spinal degeneration; bulging discs with spinal cord compression; herniated discs; nerve damage in lower back; hypersensitivity in feet and legs; psoriatic arthritis in all joints; bleeding ulcers; and, depression. (*Id*., pp. 43, 427).

Plaintiff's application was denied initially and upon reconsideration. (*Id*., pp. 43, 298, 307). In a pre-hearing memorandum, Plaintiff referred to an earlier amended alleged onset date of

September 24, 2010, in alignment with a previous application that resulted in an unfavorable decision on September 23, 2010. (*Id.*, p. 507). An administrative hearing was held on March 29, 2018, before the Hon. Clifford Shilling, Administrative Law Judge ("ALJ"). (*Id.*, pp. 43, 169-216). Plaintiff and a vocational expert ("VE"), Monty Lumpkin, testified. (*Id.*). Plaintiff was represented by counsel, Laura McKinnon. (*Id.*).

By written decision dated December 5, 2018, the ALJ found Plaintiff had the following severe impairments: osteoarthritis and allied disorders; degenerative disc disease; and, obesity. (*Id.*, pp. 40, 46-47). The ALJ next determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any impairment in the Listing of Impairments. (*Id.*). The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> "[L]ift/carry 10 pounds occasionally and less than 10 pounds frequently, push/pull within those limits, stand/walk two hours in an eight-hour workday with normal breaks. He can occasionally climb ramps, stairs, ladders, ropes and scaffolds, he can occasionally balance, stoop, kneel, crouch and crawl, and he can occasionally reach overhead bilaterally." (*Id.*, pp. 48-56).

With the assistance of the VE, the ALJ found that Plaintiff was unable to perform his past relevant work ("PRW"). (*Id.*, p. 56). Also with the assistance of the VE, the ALJ found Plaintiff would be able to perform the representative occupations of: Tile Table Worker (DOT No. 739.687-182), with 2,892 jobs in the national economy; Toy Stuffer (DOT No. 731.685-014), with 3,725 jobs in the national economy; or, Callout Operator (DOT No. 237.367-014), with 6,672 jobs in the national economy. (*Id.*, p. 56-67). The ALJ concluded that Plaintiff had not been under a disability as defined by the Act during the relevant period. (*Id.*).

On April 18, 2019, the Appeals Council denied Plaintiff's request for review. (*Id.*, pp. 6-10). Plaintiff filed this action on June 17, 2019. (ECF No. 2). This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs (ECF Nos. 13, 14), and the case is ready for decision.

## II.     Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

3

techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least 12 consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion

Plaintiff raises the following issues in this appeal: (1) whether the ALJ erred in failing to fully and fairly develop the record; (2) whether the ALJ erred at step two; (3) whether the ALJ erred in his evaluation of Plaintiff's subjective complaints; and, (4) whether the ALJ erred in his RFC finding. (ECF No. 13, pp. 2, 7-20). After a thorough review of the record, the undersigned agrees that the ALJ's RFC assessment is not supported by substantial evidence.

A disability claimant has the burden of establishing his RFC. *Vossen v. Astrue*, 612 F. 3d at 1016. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010);

4

*Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller*, 784 F.3d at 479 (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

Of concern to the undersigned is the ALJ's treatment of Plaintiff's psoriatic arthritis. The ALJ did not discuss Plaintiff's subjective complaints of difficulty using his hands or with swelling of his hands. While the ALJ did summarize most of Plaintiff's testimony, he did not address Plaintiff's testimony regarding his failed work attempt. (*Id.*, p. 49). Plaintiff testified he had tried to work for Haynes Brands, where his work consisted of running floor scrubbers and propane powered buffers for nine hours at a time. (*Id.*, p. 180). He was there less than a month because when he tried to talk to his employers about his inability to handle the vibrations from the machines every night, they told him they took that as his two-week notice. (*Id.*, pp. 180-82). Plaintiff clarified that there was not much lifting involved, just holding onto the machine and directing it, but the vibrations caused his hands to swell up and go numb. (*Id.*). Plaintiff also testified that his children helped him with his boots every night and every morning, and that his wife helped him with his pants if he was swollen or having trouble being able to bend over. (*Id.*, p. 197).

The ALJ did discuss and consider a great deal of Plaintiff's treatment history for psoriatic arthritis, including his treatment with Methotrexate and reports of reduced swelling and warmth in his hands from April 2015 through June 2017. (*Id.*, pp. 50-53). The last record discussed by the ALJ was from August 30, 2017, where Dr. Dunham noted Plaintiff's psoriatic arthropathy

5

persisted and was unimproved with Methotrexate. (*Id*, p. 54). However, the ALJ failed to discuss Plaintiff's next appointment with Dr. Dunham on October 13, 2017, where Dr. Dunham noted "Patient with ongoing joint pain due to psoriatic arthritis, which is debilitating, and which has failed high dose methotrexate, patient remains with significant limitations." (*Id.*, p. 875). The ALJ did not address this note in his discussion of the treatment record, nor did he treat it as opinion evidence. (*Id.*, pp. 48- 55). Rather, the ALJ curiously found there was no evidence of any physician assessing Plaintiff with disabling limitations. (*Id.*, p. 54). Plaintiff requested additional consultative examinations, which the ALJ denied without additional explanation. (*Id.*, pp. 44, 481-82). The Court recognizes it is not automatically error for an ALJ to rely upon the opinions of non-examining medical consultants; however, in this case both opinions were rendered before a significant change in Plaintiff's impairment – when Plaintiff's Methotrexate ceased to control his psoriatic arthritis. Dr. Forte's opinion was dated January 25, 2017, and Dr. Harrison's opinion was dated May 17, 2017, and the latest medical record they had access to was from May 9, 2017. (*Id.*, pp. 231, 267, 273). It was not until August 30, 2017, that Dr. Dunham noted Plaintiff's Methotrexate was no longer working. (*Id.*, p. 879). Dr. Dunham's opinion that Plaintiff's psoriatic arthritis was debilitating and that he had significant limitations was not in existence until October 13, 2017, nearly five months after the second non-examining medical expert opinion was given. (*Id.*, p. 231, 273, 875).

      The ALJ erred by failing to consider and discuss the worsening of Plaintiff's impairments from psoriatic arthritis, particularly the limitations caused by swelling and pain in his hands, and Plaintiff's worsening condition after August 2017 when Plaintiff's Methotrexate was no longer effective. Accordingly, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

Remand is necessary to allow the ALJ to reconsider Plaintiff's RFC, specifically his impairments related to psoriatic arthritis. As the Eighth Circuit held in *McCoy v. Schweiker,* 683 F.2d at 1147, the test is whether a claimant has the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world. On remand, the ALJ should request a complete RFC assessment from Plaintiff's treating physician, Dr. John C. Dunham, and Plaintiff's rheumatologist, Dr. Richard Houk, for the relevant period. If Drs. Dunham and Houk are unable or unwilling to provide an RFC assessment, then the ALJ should order a consultative examination with a rheumatologist or an orthopedist, complete with a thorough RFC assessment. With this additional evidence, the ALJ should re-evaluate the Plaintiff's RFC and reconsider his step four and step five findings.

## IV. Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of May 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE